**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

**INTERNATIONAL SHIP REPAIR**
**AND MARINE SERVICES, INC.**,

Plaintiff,

v. Case No: 8:25-cv-01626-WFJ-LSG

***Miss Rui***,

Defendant, in rem.
_________________________________/

# ORDER

Before the Court is the United States Magistrate Judge Lindsay S. Griffin's Report and Recommendation ("R&R") that Plaintiff International Ship Repair and Marine Services, Inc.'s ("ISR") Motion for interlocutory sale of the defendant vessel, *Miss Rui*, under Federal Rule of Civil Procedure Supplemental Rule E(9) be granted. Dkt. 22. Defendant filed an opposition to the R&R. Dkt. 28. On July 13, 2026, the Court held a hearing on the pending R&R and Defendant's objections. Dkt. 29.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

Under Supplemental Rule E(9)(a), interlocutory sale of a vessel is permitted if the Court finds that the sale of the vessel is appropriate based upon a party's "unreasonable delay in securing release of the property." Fed. R. Civ. P. Supp. R. E(9)(a)(i)(C). Here, the Magistrate Judge, in a concise and well-reasoned R&R, found that Claimant Herald Marine & Energy, LTD "unreasonably delayed seeking the release of the defendant vessel, which permits the authorization of an interlocutory sale under Supplemental Rule E(9)." Dkt. 22 at 5–6. This unreasonable delay stemmed from Herald Marine & Energy's failure to provide any "response opposing an interlocutory sale and, thus, waive[d] the right to contest ISR's allegation of 'unreasonable delay.'" *Id.* at 5 (citing Local Rule 3.01(d)). Moreover, despite appearing in this action to preserve its ownership interest, Herald Marine & Energy "neither post[ed] a bond for the vessel nor move[d] to vacate the [U.S. Marshal's] arrest." *Id.* (citing Dkt. 14); *see also Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-1071-T-27AEP, 2010 WL 11651427, at *3 (M.D. Fla.

Dec. 30, 2010) ("Courts interpreting [Supplemental Rule E(9)] have held that a vessel owner's 'unreasonable delay' in posting security for the release of a vessel alone justifies an interlocutory sale.").

Additionally, at the hearing, Claimant's counsel represented that Miss Rui's Owners were in the process of raising the money and expected to be able to reach an accommodation with Plaintiff soon. In response to Claimant's representation, Plaintiff's counsel offered Claimant a grace period of twenty days in which to arrange payment due to Plaintiff or to secure the release of Miss Rui from arrest. Claimant's counsel accepted that offer. The 20-day grace period has passed without payment from Claimant to secure Miss Rui's release, further demonstrating "unreasonable delay" under Fed. R. Civ. P. Supp. R. E(9)(a)(i)(C).

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 22, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.
2. Plaintiff ISR's Motion for Interlocutory Sale of *Miss Rui* under Supplemental Rule E(9), Dkt. 20, is **GRANTED.**

a. The United States Marshal must conduct the sale of the defendant vessel— the *Miss Rui*, a 1976 130.8' Burton Shipyard, Inc., tug vessel bearing the IMO No. 7523659 and the Official No. 574955—including the vessel's engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries, at a public auction in accord with Supplemental Rule E(9) and Section 5(r) of the Middle District of Florida's Admiralty and Maritime Practice Manual.

b. The public auction must occur no later than thirty days after the order granting the motion for an interlocutory sale, with the auction scheduled for a day and time acceptable to the U.S. Marshal, and the sale may occur at the U.S. Marshal's office located on the Fourth Floor of the Samuel M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33601.

c. The U.S. Marshal must publish notice of the interlocutory sale by advertising the sale at least once per week for two successive weeks in the Tampa Bay Times, a newspaper of general circulation in this district, with the first advertisement published at least seven days before the day of the interlocutory sale; and the second publication to occur at least three days before the day of the sale. *See* M.D. FLA. ADMIRALTY AND MAR. PRAC. MANUAL (2020), § 5(q).

d. ISR must notify the vessel owner, Herald Marine & Energy, Ltd., and all known lien holders of the day, time, and place of the interlocutory sale by U.S. mail or Federal Express at the address listed on the return of service and by the electronic court filing system.

e. The U.S. Marshal must require the highest bidder at the public action to immediately pay by cash, certified check, or cashier's check a deposit with the U.S. Marshal the greater of $500.00 or ten percent of the bid, and to pay by cash, certified check, or cashier's check the remaining purchase price within three days after the sale or, if an objection to the sale is received, to pay the remaining purchase price three days after the confirmation of the sale. *See* M.D. FLA. ADMIRALTY AND MAR. PRAC. MANUAL (2020), §§ 5(r)(1)(B), (r)(2).

f. The U.S. Marshal must pay the sale's net proceeds—after deducting the U.S. Marshal's fees and charges and other costs of the sale—into the Middle District of Florida's court registry so that these proceeds can be "disposed of according to law" under Supplemental Rule E(9)(b).

g. The U.S. Marshal must prepare all documents and reports necessary for confirming the sale. *See* M.D. FLA. ADMIRALTY AND MAR. PRAC. MANUAL (2020), § 5(r)(5).

h. Unless a timely objection occurs or the purchaser defaults by failing to pay the purchase price, ISR must move to confirm the sale by filing a "Request for Confirmation of Sale" on the day after the last day for filing an objection. M.D. FLA. ADMIRALTY AND MAR. PRAC. MANUAL (2020), § 5(r)(6); *Id.*, §§ 5(r)(4), (7)(A). The request must include a "Confirmation of Sale," and the Clerk must promptly transmit a certified copy of the Confirmation of Sale to the U.S. Marshal. *Id.*, § 5(r)(6). The Request for Confirmation of Sale and the Confirmation of Sale must comply with the requirements of Section 5(r)(6) of the Practice Manual and must use the forms MD709 and MD710 included in the Appendix of Forms to the Practice Manual.

**DONE** and **ORDERED** in Tampa, Florida, on August 3, 2026.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record